■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON AMBROSE, Appellant. [694 NYS2d 661] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 22, 1997, convicting defendant, after a jury trial, of rape in the first degree, two counts of burglary in the first degree, two counts of sodomy in the first degree and four counts of sexual abuse in the first degree, and sentencing him to three terms of 9½ to 19 years, two terms of 6 to 12 years and four terms of 3½ to 7 years, all to be served concurrently, unanimously affirmed.

The verdict was based upon legally sufficient evidence and was not against the weight of the evidence. Contrary to defendant's argument that the evidence merely established his presence at the scene, we find that there was ample proof of defendant's participation in the attack upon the complainants and his sexual assault upon the female complainant. We see no reason to disturb the jury's determinations concerning credibility and identification.

Defendant's suppression motion was properly denied. The hearing record supports the court's finding that defendant's arrest was predicated upon probable cause where, in addition to a 911 transmission describing males running in and out of a certain hotel, the responding police officers heard screams and banging emanating from the second floor and, once there, they observed the fully dressed defendant, standing in the vicinity

of another fully dressed man who was struggling with a naked, hysterically crying female while a naked male was screaming at defendant. Furthermore, defendant, upon being detained by the police, provided a demonstrably false explanation to account for his presence in the hotel. We agree with the hearing court that the totality of these circumstances led to the inescapable conclusion that defendant had committed a crime (*see, Brinegar v United States*, 338 US 160).

Defendant's contention that the indictment contained duplicitous counts is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

We perceive no abuse of sentencing discretion. Concur—Ellerin, P. J., Tom, Mazzarelli, Wallach and Lerner, JJ.